**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BRENDA BORING**                                                                 **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO.: 4:26-cv-75-DMB-JMV**

**CITY OF GREENWOOD, MISSISSIPPI
and OFFICER WILLIAM NEVELS,
In His Individual Capacity**                                                   **DEFENDANTS**

**ORDER TO SHOW CAUSE**

This matter is before the court on Plaintiff Brenda Boring's Motion for Leave to Proceed *in forma pauperis* ("IFP") [Doc. No. 2]. Having reviewed the application for IFP status, the court finds, as explained below, that the application to proceed IFP does not indicate an inability to pay. Accordingly, **Plaintiff is given 21 days from the date of this Order in which she may submit an amended application to proceed IFP or pay the filing fee.** Failure to do one or the other will result in the undersigned denying the pending IFP application. Should Plaintiff amend her application, the undersigned will rule on the amended application.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit of the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's

employment, annual income, expenses, and any other property or assets the individual possesses. *Rockette v. City of Water Valley MS,* No. 3:23-CV-407-GHD-JMV, 2023 WL 8607032, at *1 (N.D. Miss. Nov. 14, 2023), report and recommendation adopted, No. 3:23CV407-GHD-JMV, 2023 WL 8605181 (N.D. Miss. Dec. 12, 2023).

Plaintiff used the form provided by the Court's website for IFP applications. Plaintiff states that, although she has no employment or any other source of income, she receives approximately $700 in take home pay per day ($900 daily gross), which equals approximately $255,500 per year in wages. Plaintiff states that she has $56.00 in cash, checking, and savings accounts. Plaintiff states she has no other assets. Against these wages and assets, Plaintiff lists $700 in monthly expenses, and no dependents or other financial obligations.

Plaintiff's application does not indicate that she will be unable to provide for the necessities of life if she is required to pay the Court's filing fees. Her yearly income outruns her yearly expenses by $247,100. Plaintiff does not demonstrate that she is impoverished on the basis of her application.

**Accordingly, Plaintiff is given 21 days from the date of this Order, or by June 22, 2026, in which she may submit an amended application to proceed IFP or pay the filing fee.** Failure to do one or the other will result in the undersigned denying the pending IFP application. Should Plaintiff amend her application, the undersigned will rule on the amended application.

**SO ORDERED**, this, the 1st day of June, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**